1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                     EASTERN DISTRICT OF CALIFORNIA

9

10

MARY ELIZABETH STRODER,        ) 1:11-cv—02032-SKO-HC
11                              )
                 Petitioner,   ) ORDER DISMISSING THE PETITION AS
12                             ) SUCCESSIVE PURSUANT TO 28 U.S.C.
                               ) § 2244(b) (Doc. 1)
13      v.                     )
                               ) ORDER DECLINING TO ISSUE A
14  WALTER MILLER, Warden,     ) CERTIFICATE OF APPEALABILITY
                               )
15               Respondent.   ) ORDER DIRECTING THE CLERK TO
                               ) CLOSE THE ACTION
16  _____)

17

18        Petitioner is a state prisoner proceeding pro se and with

19  counsel with a petition for writ of habeas corpus pursuant to 28

20  U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has

21  consented to the jurisdiction of the United States Magistrate

22  Judge to conduct all further proceedings in the case, including

23  the entry of final judgment, by manifesting consent in a writing

24  signed by Petitioner's counsel of record and filed on

25  Petitioner's behalf on January 10, 2011 (doc. 5).  Pending before

26  the Court is the petition, which was filed on December 8, 2011.

        I.   Screening the Petition
27
        Rule 4 of the Rules Governing Section 2254 Cases in the
28

                                   1

1 United States District Courts (Habeas Rules) requires the Court
2 to make a preliminary review of each petition for writ of habeas
3 corpus.  The Court must summarily dismiss a petition "[i]f it
4 plainly appears from the petition and any attached exhibits that
5 the petitioner is not entitled to relief in the district
6 court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420
7 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th
8 Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify
9 all grounds of relief available to the Petitioner; 2) state the
10 facts supporting each ground; and 3) state the relief requested.
11 Notice pleading is not sufficient; rather, the petition must
12 state facts that point to a real possibility of constitutional
13 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
14 O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
15 Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
16 that are vague, conclusory, or palpably incredible are subject to
17 summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
18 Cir. 1990).

19      Further, the Court may dismiss a petition for writ of habeas
20 corpus either on its own motion under Habeas Rule 4, pursuant to
21 the respondent's motion to dismiss, or after an answer to the
22 petition has been filed.  Advisory Committee Notes to Habeas Rule
23 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
24 (9th Cir. 2001).

25      II.  Background

26      Petitioner is serving a sentence imposed by the Kern County
27 Superior Court of life without the possibility of parole pursuant
28 to convictions of murder, kidnaping for purposes of robbery, and

1 robbery committed on June 16, 1995, in violation of Cal. Pen.

2 Code §§ 187, 209(b), and 212.5(b).  (Pet. 2.)  In the petition,

3 Petitioner challenges the judgment on the grounds that the trial

4 court improperly excluded expert testimony on intimate partner

5 battering and its effect on her.  (Id. at 1-2.

6      The present petition is not the first petition filed with

7 respect to the judgment pursuant to which Petitioner is detained.

8 The Court may take judicial notice of court records.  Fed. R.

9 Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333

10 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626,

11 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

12 The Court will take judicial notice of its own dockets.

13      In Mary Elizabeth Stroder v. Derral Adams, case number CIV

14 F-00-5582-REC-HGB-HC, on November 22, 2002, the Court denied on

15 the merits a petition that challenged Petitioner's 1995 Kern

16 County conviction of first degree murder, kidnaping, and robbery

17 with special allegations.  (Doc. 37, 1-22; doc. 38.)  On appeal,

18 the judgment denying the petition was affirmed.  (Id. at doc.

19 59.)

20      III.  Successive Petition

21      Because the petition was filed after April 24, 1996, the

22 effective date of the Antiterrorism and Effective Death Penalty

23 Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh

24 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008

25 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

26      Under the AEDPA, a federal court must dismiss a second or

27 successive petition that raises the same grounds as a prior

28 petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a

1 second or successive petition raising a new ground unless the

2 petitioner can show that 1) the claim rests on a new,

3 retroactive, constitutional right or 2) the factual basis of the

4 claim was not previously discoverable through due diligence, and

5 the new facts establish by clear and convincing evidence that but

6 for the constitutional error, no reasonable factfinder would have

7 found the applicant guilty of the underlying offense.  28 U.S.C.

8 § 2244(b)(2)(A)-(B).

9       However, it is not the district court that decides whether a

10 second or successive petition meets these requirements, which

11 allow a petitioner to file a second or successive petition.

12 Section 2244(b)(3)(A) provides, "Before a second or successive

13 application permitted by this section is filed in the district

14 court, the applicant shall move in the appropriate court of

15 appeals for an order authorizing the district court to consider

16 the application."  In other words, a petitioner must obtain leave

17 from the Ninth Circuit before he or she can file a second or

18 successive petition in district court.  See Felker v. Turpin, 518

19 U.S. 651, 656-657 (1996).  This Court must dismiss any claim

20 presented in a second or successive habeas corpus application

21 under section 2254 that was presented in a prior application

22 unless the Court of Appeals has given Petitioner leave to file

23 the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been

24 characterized as jurisdictional.  Burton v. Stewart, 549 U.S.

25 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th

26 Cir. 2001).

27       A disposition is "on the merits" if the district court

28 either considered and rejected a claim, or determined that an

4

1  underlying claim would not be considered by a federal court.

2  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

3  Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)).

4      Here, the first petition concerning the Kern County judgment

5  was denied on the merits.  Petitioner makes no showing that he

6  has obtained prior leave from the Ninth Circuit to file his

7  successive petition attacking the conviction.  Accordingly, this

8  court has no jurisdiction to consider Petitioner's renewed

9  application for relief from that conviction under section 2254

10 and must dismiss the petition.  See, Felker v. Turpin, 518 U.S.

11 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152; Cooper v.

12 Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to proceed

13 in bringing this petition for writ of habeas corpus, he must file

14 for leave to do so with the Ninth Circuit.  See 28 U.S.C.

15 § 2244(b)(3).

16     IV.  Certificate of Appealability

17     Unless a circuit justice or judge issues a certificate of

18 appealability, an appeal may not be taken to the Court of Appeals

19 from the final order in a habeas proceeding in which the

20 detention complained of arises out of process issued by a state

21 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

22 U.S. 322, 336 (2003).  A certificate of appealability may issue

23 only if the applicant makes a substantial showing of the denial

24 of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this

25 standard, a petitioner must show that reasonable jurists could

26 debate whether the petition should have been resolved in a

27 different manner or that the issues presented were adequate to

28 deserve encouragement to proceed further.  Miller-El v. Cockrell,

1 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484

2 (2000)).  A certificate should issue if the Petitioner shows that

3 jurists of reason would find it debatable whether the petition

4 states a valid claim of the denial of a constitutional right and

5 that jurists of reason would find it debatable whether the

6 district court was correct in any procedural ruling.  <u>Slack v.</u>

7 <u>McDaniel</u>, 529 U.S. 473, 483-84 (2000).

8     In determining this issue, a court conducts an overview of

9 the claims in the habeas petition, generally assesses their

10 merits, and determines whether the resolution was wrong or

11 debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537

12 U.S. at 336-37.  It is necessary for an applicant to show more

13 than an absence of frivolity or the existence of mere good faith;

14 however, it is not necessary for an applicant to show that the

15 appeal will succeed.  <u>Id.</u> at 338.

16     A district court must issue or deny a certificate of

17 appealability when it enters a final order adverse to the

18 applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

19     Here, Petitioner has not demonstrated that jurists of reason

20 would find it debatable whether or not the petition states a

21 valid claim of the denial of a constitutional right, or that the

22 petition must be dismissed as successive.  Petitioner has not

23 made the substantial showing required for issuance of a

24 certificate of appealability.  Accordingly, the Court will

25 decline to issue a certificate of appealability.

26     V.  <u>Disposition</u>

27     Accordingly, it is ORDERED that:

28     1) The petition is DISMISSED as successive; and

6

1    2)   The Court DECLINES to issue a certificate of

2 appealability; and

3    3) The Clerk is DIRECTED to close this action because the

4 dismissal will terminate the action in its entirety.

5

6 IT IS SO ORDERED.

7 **Dated:    January 25, 2012**                      /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7