UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY ELIZABETH STRODER, | ) | 1:11-cv—02032-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION AS |
| | ) | SUCCESSIVE PURSUANT TO 28 U.S.C. |
| | ) | § 2244(b) (Doc. 1) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| WALTER MILLER, Warden, | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| Respondent. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE ACTION |
| | ) | |

Petitioner is a state prisoner proceeding pro se and with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a writing signed by Petitioner's counsel of record and filed on Petitioner's behalf on January 10, 2011 (doc. 5).  Pending before the Court is the petition, which was filed on December 8, 2011.

I.  Screening the Petition

Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts (Habeas Rules) requires the Court
to make a preliminary review of each petition for writ of habeas
corpus.  The Court must summarily dismiss a petition "[i]f it
plainly appears from the petition and any attached exhibits that
the petitioner is not entitled to relief in the district
court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420
(9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th
Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify
all grounds of relief available to the Petitioner; 2) state the
facts supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

II.  Background

Petitioner is serving a sentence imposed by the Kern County
Superior Court of life without the possibility of parole pursuant
to convictions of murder, kidnaping for purposes of robbery, and

2

robbery committed on June 16, 1995, in violation of Cal. Pen. Code §§ 187, 209(b), and 212.5(b).  (Pet. 2.)  In the petition, Petitioner challenges the judgment on the grounds that the trial court improperly excluded expert testimony on intimate partner battering and its effect on her.  (Id. at 1-2.

The present petition is not the first petition filed with respect to the judgment pursuant to which Petitioner is detained. The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

In Mary Elizabeth Stroder v. Derral Adams, case number CIV F-00-5582-REC-HGB-HC, on November 22, 2002, the Court denied on the merits a petition that challenged Petitioner's 1995 Kern County conviction of first degree murder, kidnaping, and robbery with special allegations.  (Doc. 37, 1-22; doc. 38.)  On appeal, the judgment denying the petition was affirmed.  (Id. at doc. 59.)

III.   Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The Court must also dismiss a

second or successive petition raising a new ground unless the
petitioner can show that 1) the claim rests on a new,
retroactive, constitutional right or 2) the factual basis of the
claim was not previously discoverable through due diligence, and
the new facts establish by clear and convincing evidence that but
for the constitutional error, no reasonable factfinder would have
found the applicant guilty of the underlying offense.  28 U.S.C.
§ 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a
second or successive petition meets these requirements, which
allow a petitioner to file a second or successive petition.
Section 2244(b)(3)(A) provides, "Before a second or successive
application permitted by this section is filed in the district
court, the applicant shall move in the appropriate court of
appeals for an order authorizing the district court to consider
the application."  In other words, a petitioner must obtain leave
from the Ninth Circuit before he or she can file a second or
successive petition in district court.  See Felker v. Turpin, 518
U.S. 651, 656-657 (1996).  This Court must dismiss any claim
presented in a second or successive habeas corpus application
under section 2254 that was presented in a prior application
unless the Court of Appeals has given Petitioner leave to file
the petition.  28 U.S.C. § 2244(b)(1).  This limitation has been
characterized as jurisdictional.  Burton v. Stewart, 549 U.S.
147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th
Cir. 2001).

A disposition is "on the merits" if the district court
either considered and rejected a claim, or determined that an

4

1  underlying claim would not be considered by a federal court.

2  <u>McNabb v. Yates</u>, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

3  <u>Howard v. Lewis</u>, 905 F.2d 1318, 1322 (9th Cir. 1990)).

4      Here, the first petition concerning the Kern County judgment

5  was denied on the merits.  Petitioner makes no showing that he

6  has obtained prior leave from the Ninth Circuit to file his

7  successive petition attacking the conviction.  Accordingly, this

8  court has no jurisdiction to consider Petitioner's renewed

9  application for relief from that conviction under section 2254

10  and must dismiss the petition.  <u>See</u>, <u>Felker v. Turpin</u>, 518 U.S.

11  651, 656-57; <u>Burton v. Stewart</u>, 549 U.S. 147, 152; <u>Cooper v.</u>

12  <u>Calderon</u>, 274 F.3d 1270, 1274.  If Petitioner desires to proceed

13  in bringing this petition for writ of habeas corpus, he must file

14  for leave to do so with the Ninth Circuit.  <u>See</u> 28 U.S.C.

15  § 2244(b)(3).

16      IV.  <u>Certificate of Appealability</u>

17      Unless a circuit justice or judge issues a certificate of

18  appealability, an appeal may not be taken to the Court of Appeals

19  from the final order in a habeas proceeding in which the

20  detention complained of arises out of process issued by a state

21  court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537

22  U.S. 322, 336 (2003).  A certificate of appealability may issue

23  only if the applicant makes a substantial showing of the denial

24  of a constitutional right.  28 U.S.C. § 2253(c)(2).  Under this

25  standard, a petitioner must show that reasonable jurists could

26  debate whether the petition should have been resolved in a

27  different manner or that the issues presented were adequate to

28  deserve encouragement to proceed further.  <u>Miller-El v. Cockrell</u>,

537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was wrong or debatable among jurists of reason.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336-37.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  <u>Id.</u> at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, Petitioner has not demonstrated that jurists of reason would find it debatable whether or not the petition states a valid claim of the denial of a constitutional right, or that the petition must be dismissed as successive.  Petitioner has not made the substantial showing required for issuance of a certificate of appealability.  Accordingly, the Court will decline to issue a certificate of appealability.

V.  <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition is DISMISSED as successive; and

1    2)   The Court DECLINES to issue a certificate of
2    appealability; and
3         3) The Clerk is DIRECTED to close this action because the
4    dismissal will terminate the action in its entirety.
5
6    IT IS SO ORDERED.
7    **Dated:    January 25, 2012**                    /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28